UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

TROY HILL,

    Plaintiff,

v.                                                 Case No. 4:24-cv-152-MW-MJF

WALT MCNEIL, *et al.*,

    Defendants.
_____/

## FIRST REPORT AND RECOMMENDATION

Because Plaintiff failed to serve timely Dr. Matthew Davis, the District Court should dismiss Plaintiff's claim against Davis without prejudice.

### I. BACKGROUND

On September 27, 2023, Plaintiff commenced this action in a Florida court while he was detained at Leon County Detention Facility pending his criminal trial. Doc. 1-1 at 2. On March 20, 2024, Plaintiff filed an amended complaint against six Defendants: Sheriff McNeil; YesCare administrator Barkley; YesCare administrator Mike Hayden; Dr. Matthew Davis; Nurse Jennifer Nixon; and Nurse Kashena Nelson.

Doc. 1-1 at 82–109. On April 2, 2024, McNeil and Barkley removed this action to Federal Court.

Because Plaintiff had not served Davis, on August 8, 2024, the undersigned ordered Plaintiff to explain and show cause for this failure. Doc. 21. The undersigned imposed a compliance deadline of August 29, 2024 and warned Plaintiff that the failure to comply timely with the order likely would result in the dismissal of Plaintiff's claim against Davis.

On September 12, 2024, the clerk of the court received Plaintiff's "motion for relief any final judgment rule 60(B)(4)," which the undersigned construed as a motion for extension of time to comply with the undersigned's order to show cause. Docs. 22 & 23. On September 17, 2024, the undersigned extended Plaintiff's deadline to explain and show cause for his failure to serve Davis timely. Doc. 23. The undersigned imposed a compliance deadline of October 8, 2024 and again warned Plaintiff that the failure to comply with the order likely would result in dismissal of Plaintiff's claim against Davis.

As of the date of this report and recommendation, Plaintiff has not complied with that order.

## II. DISCUSSION

"Service is a jurisdictional requirement," and "a court lacks jurisdiction over the person of a defendant when that defendant has not been served." *Hemispherx Biopharma, Inc. v. Johannesburg Consol. Inves.*, 553 F.3d 1351, 1360 (11th Cir. 2008). "The plaintiff . . . is responsible for having the summons and complaint served on the defendant" in accordance with Rule 4 of the Federal Rules of Civil Procedure. *Fitzpatrick v. Bank Of New York Mellon*, 580 F. App'x 690, 693 (11th Cir. 2014); *Lepone-Dempsey v. Carroll Cnty. Comm'rs*, 476 F.3d 1277, 1280–81 (11th Cir. 2007). Thus, a plaintiff must ensure that service is completed within the time set forth by Rule 4(m) of the Federal Rules of Civil Procedure. *Lepone-Dempsey*, 476 F.3d at 1280–81; *see* CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE § 1137 (4th. ed. 2015) ("In removed cases, the Rule 4(m) time period starts to run upon removal to the federal district court, not the date the action was originated in state court.").

Rule 4(m) states that:

If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against

that defendant or order that service be made within a specified time.

Fed. R. Civ. P. 4(m).

## A.   Plaintiff Has Not Articulated Good Cause for His Tardiness

If a plaintiff shows good cause for his failure to timely serve a defendant, the court must extend the deadline. Fed. R. Civ. P. 4(m). Good cause to extend the deadline for service exists "only when some outside factor[,] such as reliance on faulty advice, rather than inadvertence or negligence prevented service." *Lepone-Dempsey*, 476 F.3d at 1281 (citing *Prisco v. Frank*, 929 F.2d 603, 604 (11th Cir. 1991) (per curiam), *superseded in part by rule as stated in Horenkamp v. Vanwinkle and Co., Inc.*, 402 F.3d 1129, 1132 n.2 (11th Cir. 2005)). In determining whether good cause exists, "[c]ourts will look to 'factors outside a plaintiff's control, such as sudden illness, natural catastrophe or evasion of service of process,' to determine whether [the plaintiff] satisfied the 'good cause' requirement." *Gambino v. Village of Oakbrook*, 164 F.R.D. 271, 274 (M.D. Fla. 1995) (citations omitted).

Here, the undersigned afforded Plaintiff an opportunity to explain and show cause why this case should not be dismissed for failure to effect service timely. Doc. 23. Plaintiff has not responded to that order and has

offered no excuse for his failure to effect service timely. Consequently, Plaintiff has failed to show good cause for an extension of time to effect service.

**B.    A Permissive Extension of the Deadline Is Not Warranted**

Even in the "absence of good cause," a "district court has the discretion to extend the time for service of process." *Lepone-Dempsey*, 476 F.3d at 1281. In determining whether a permissive extension is warranted, courts look at the factors set forth in the advisory committee notes to Rule 4. *Horenkamp*, 402 F.3d at 1132–33. For example, "relief may be justified . . . if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service." *Id.* at 1132 (quoting Fed. R. Civ. P. 4(m) advisory committee note to 1993 amendments).

Here, a permissive extension of time to serve Davis is not warranted. First, there is no evidence that Davis attempted to evade service or concealed a defect in service. Second, Plaintiff's claim against Davis will not be barred by the applicable statute of limitations. Indeed, the events giving rise to Plaintiff's section 1983 claim against Davis began on January 16, 2024. Therefore, Florida's four-year statute of

limitation likely will not preclude Plaintiff from refiling his claims in the near future.

Finally, the undersigned twice warned Plaintiff that his claim against Davis likely would be dismissed unless Plaintiff took actions to prosecute the claim. Doc. 20; Doc. 22. Despite these warnings and an extension of time to show cause, Plaintiff still has not served Defendant and has not sought an extension of the deadline to effect service. Indeed, Plaintiff has not responded to the undersigned's orders, which suggest he has abandoned his claim against Davis.

"The glacial pace of much litigation breeds frustration with the federal courts and, ultimately, disrespect for the law." *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 757 n.4 (1980). Delay causes "stale evidence and the fading of material facts in the minds of potential witnesses." *Ryland v. Shapiro*, 708 F.2d 967, 975 (5th Cir. 1983). "[P]ossibilities for error multiply rapidly as time elapses between the original fact and its judicial determination." *Rheuark v. Shaw*, 628 F.2d 297, 303–04 n.10 (5th Cir. 1980). Accordingly, federal courts have a duty to ensure that cases are progressing toward a resolution. Plaintiff's lack of prosecution has prevented his claim against Davis from being timely resolved on the

merits. The District Court's need to keep cases moving toward a resolution outweighs any interest that Plaintiff may have in his claim against Davis remaining pending and inactive indefinitely. The District Court, therefore, should dismiss this Plaintiff's claim against Davis without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

### III. CONCLUSION

Because Plaintiff has failed to effect service of Defendant, the undersigned respectfully **RECOMMENDS** that the District Court **DISMISS** Plaintiff's claims against Dr. Matthew Davis without prejudice pursuant to Fed. R. Civ. P. 4(m).

At Pensacola, Florida, this 4th day of November, 2024.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address all preliminary matters and to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2;** *see also* **28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. Any different deadline that may**

**appear on the electronic docket is for the court's internal use only and does not control.** An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.